"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA YEAGER, ) | Case No. CV 04-9612 AN |
| Plaintiff, ) | MEMORANDUM AND ORDER |
| v. ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, ) | |
| Defendant. ) | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") pursuant to Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is granted, and the Commissioner's request for an order affirming her final decision is denied.

The relevant background facts are familiar to both parties and Plaintiff has stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

In the JS, Plaintiff contends that the ALJ erred by failing to properly consider the opinions of her treating physician, Louis T. Bascoy, M.D., and examining physician, Joseph P. Klein, M.D. The Commissioner disagrees.

Plaintiff's argument that the ALJ failed to adequately address the findings of Dr. Bascoy is persuasive. [JS at 5-11.] Dr. Bascoy began treating Plaintiff in March 1994. [Administrative Record ("AR") at 176.] On March 25, 1994, Dr. Bascoy opined that Plaintiff was disabled due to left wrist carpal tunnel syndrome, chronic obstructive pulmonary disease, and osteoarthritis of the neck, back, and right shoulder. [AR at 175.] Dr. Bascoy treated Plaintiff in August 1994, September 1994, July 1998, and June 1999. [AR at 206-07, 233-34, 238.] In July 1999, Dr. Bascoy completed a residual functional capacity questionnaire on Plaintiff's behalf. [AR at 238-42.] He diagnosed Plaintiff with cervical osteoarthritis, lumbosacral osteoarthritis, and right shoulder pain. [AR at 238.] Dr. Bascoy found that Plaintiff could lift and carry 10 pounds frequently and 20 pounds occasionally, sit about three hours in an eight hour work day, and stand/walk at least six hours in an eight hour workday, but that she would be absent from work more than three times a month due to her impairments. [AR at 240-41.] Dr. Bascoy also found that in an eight-hour workday, Plaintiff could engage in: repetitive grasping, turning and twisting objects 75 percent of the time, fine manipulations 25 percent of the time, overhead reaching activities with the right upper extremity 10 percent of the time, and overhead reaching activities with the left upper extremity 50 percent of the time. [AR at 240-41.]

The ALJ rejected Dr. Bascoy's opinion. Although Dr. Bascoy's finding on the ultimate issue of disability is not necessarily conclusive, *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989), the ALJ was still required to provide specific, legitimate reasons for rejecting Dr. Bascoy's opinion. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir.

1996). The Commissioner asserts that the ALJ's reasons for rejecting Dr. Bascoy's opinion were sufficiently specific and factually supported by the record. [JS at 12.] The Court disagrees. The ALJ criticized Dr. Bascoy's opinion as conclusory and unsupported by clinical findings, x-rays, or testing. [AR at 253.] These reasons are contrary to the evidence of record and inconsistent with the treating physician rule. Although Dr. Bascoy's records are brief and difficult to read, it is clear that he examined Plaintiff on multiple occasions, reviewed Plaintiff's x-rays, diagnosed Plaintiff's impairments, prescribed medication, and made findings regarding Plaintiff's limitations. [AR at 175-76, 206-07, 233-34, 238-42.] If the ALJ questioned the objective basis for Dr. Bascoy's opinion, he should have inquired further. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *see also Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)(ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel).

    Plaintiff also argues that Dr. Bascoy's improperly rejected opinion should be credited as true and this case should be remanded solely for an award of benefits. [JS at 10-11]; *see, e.g., Lester*, 81 F.3d at 834 (where the ALJ "fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion as a matter of law"). The Ninth Circuit, however, has recognized that the "crediting as true" doctrine is not mandatory. *See, e.g., Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003)(remanding for reconsideration where, *inter alia*, ALJ "failed to provide adequate reasons for rejecting the opinion of the treating physicians" and "did not properly reject [the claimant's] subjective complaints"); *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)(remanding for reconsideration of claimant's pain testimony). Accordingly, the Court finds that remand is appropriate for the Commissioner to re-evaluate whether Plaintiff is disabled within the meaning of the Act, after giving proper

1 consideration to Dr. Bascoy's opinion.[1/]

## III. CONCLUSION

For the reasons discussed above, the Court finds the ALJ's denial of Plaintiff's claims for benefits is not free of legal error and supported by substantial evidence. Accordingly, Plaintiff's request for an order remanding this case for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g) is GRANTED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is DENIED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:   April 12, 2006          /s/ Arthur Nakazato
                                 ARTHUR NAKAZATO
                                 UNITED STATES MAGISTRATE JUDGE

---

[1/] Because the ALJ improperly rejected Dr. Bascoy's opinion, and the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issue raised by Plaintiff would independently require reversal. *See Bunnell*, 336 F.3d at 1115-16 (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate). The Court recommends, however, that the ALJ consider all of Plaintiff's arguments when determining the merits of her case on remand.